| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**FEIN, SUCH, KAHN & SHEPARD, P.C.**<br>Counsellors at Law<br>7 Century Drive - Suite 201<br>Parsippany, New Jersey 07054<br>(973) 538-9300<br>Attorneys for Secured Creditor SETERUS, INC., as authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE")<br>JILL A. MANZO, ESQ.<br>678AVG<br>bankruptcy@feinsuch.com | Order Filed on February 6, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>MARK R DAMSTRA<br><br> Debtor(s). | Case No.:  17-22723 VFP<br><br>Hearing Date: _____<br><br>Judge: HONORABLE VINCENT F. PAPALIA |

Recommended Local Form:   ☐ Followed  ☒ Modified

### ORDER AUTHORIZING LOAN MODIFICATION AGREEMENT

The relief set forth on the following page is hereby **ORDERED**.

**DATED: February 6, 2018**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Upon the motion of FEIN, SUCH, KAHN & SHEPARD, P.C. attorneys for the Secured Creditors, SETERUS, INC., as authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), for authorization to enter into a loan modification agreement; and parties having been given timely notice of the motion; and for good cause shown, it is

**ORDERED AS FOLLOWS:**

1. The Court hereby authorizes Secured Creditor and Debtor(s) to enter into the loan modification attached as Exhibit "A" to the Motion to Authorize Loan Modification with respect to the Debtor(s) property located at 719 ADAMS ST, HOBOKEN, NJ 07030;

2. In the event a loan modification is completed and the pre-petition arrears are capitalized into the loan, Secured Creditor shall amend the arrearage portion of it's Proof of Claim to zero, the amount paid to date, or withdraw the claim within sixty (60) days of completion of the loan modification;

3. The Chapter 11 Trustee shall suspend disbursements to Secured Creditor pending completion of the loan modification and all money that would otherwise be paid to Secured Creditor shall be held until the arrearage portion of the claim is amended to zero or the claim is withdrawn, or the Trustee is notified by the Secured Creditor that the modification was not consummated;

4. In the event the modification is not consummated, the Secured Creditor shall notify the Trustee and Debtor(s) attorney of same. Any money that was held by the Trustee pending completion of the modification shall then be paid to Secured Creditor;

    5.    In the event the Proof of Claim is amended to zero or withdrawn, the Trustee may disburse the funds being held pursuant to this order to the other creditors in accordance with the provisions of the confirmed plan;

    6.    If required, Debtor(s) shall file an Amended Schedule J and Modified Plan within thirty (30) days of this Order; and

    7.    Communications and/or negotiations between the Debtor(s) and Mortgagees/Mortgage Servicers about the loan modification shall not be deemed a violation of the automatic stay, and any such communication or negotiation shall not be used by either party against the other in any subsequent litigation; and

    8.    Debtor(s) to provide an executed copy of the Loan Agreement within ten (10) days of closing.

The movant shall serve this order on the Debtor(s), any trustee and any other party who entered an appearance on the motion.